# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PERROTTI,<br><br>      Plaintiff,<br><br>v.<br><br>PENNSYLVANIA STATE EDUCATION ASSOCIATION; ABINGTON HEIGHTS EDUCATION ASSOCIATION,<br><br>      Defendants. | Case No. _____<br><br>(Hon. _____)<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff David Perrotti, by and through his undersigned attorneys, and states the following claim for relief against Defendants Pennsylvania State Education Association ("PSEA") and Abington Heights Education Association ("AHEA"), and in support thereof, avers as follows:

## SUMMARY OF THE CASE

1.     This lawsuit seeks to prevent a teachers' union from threatening a public school teacher with claims that he owes it hundreds of dollars of union dues or fees, or from collecting on that threat, even though he is no longer a union member.

2.     The Supreme Court ruled in 2018 that the First Amendment to the Constitution of the United States prohibits the government and unions from compelling nonmember public employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486

1

(2018). Similarly, the First Amendment prohibits Defendants from forcing Plaintiff to continue to be a union member despite his resignation.

3.      But Defendants' contract with Plaintiff's employer, the Abington Heights School District, signed after *Janus* in 2019, requires nonmembers to pay "Fair Share Fees" to the union. And it also states that employees can be required to remain members of the union.

4.      Although Plaintiff resigned from Defendants, they continue to assert entitlement to collect union dues or fees from him, even though he has never agreed to pay dues as a nonmember.

5.      Therefore, Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief, to redress the imminent threatened deprivation of his rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, under which Defendants threaten to collect union dues or fees seized from Plaintiff as a condition of employment and as empowered and authorized by Defendants' collective bargaining agreement ("CBA") with Plaintiff's employer.

6.      Because Defendants are threatening Plaintiff with an imminent deadline by which he must pay union dues or fees, Plaintiff seeks injunctive and declaratory relief against Defendants, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7.      This action arises under the Constitution and laws of the United States
of America, including the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to
redress the threatened deprivation, under color of state law, of Plaintiff's rights,
privileges, and immunities under the Constitution of the United States, and
particularly the First and Fourteenth Amendments thereto, and 42 U.S.C. § 1988.

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.
§ 1331—because his claims arise under the United States Constitution—and 28 U.S.C.
§ 1343—because he seeks relief under 42 U.S.C. § 1983.

9.      This action is an actual controversy in which Plaintiff seeks a declaration
of his rights under the Constitution of the United States. Pursuant to 28 U.S.C.
§§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary
and proper relief, including injunctive relief pursuant to Federal Rule of Civil
Procedure 65.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because one or
more defendants are domiciled in, and operate or do significant business in this
judicial district, and a substantial part of the events giving rise to the claims in this
action occurred in this judicial district.

## PARTIES

11.     Plaintiff David Perrotti is, and was at all times relevant hereto, a "Public
employe," 43 P.S. § 1101.301(2), as defined by Pennsylvania's Public Employe

3

Relations Act ("PERA"), employed by the Abington Heights School District as a teacher, in a bargaining unit represented, exclusively for purposes of collective bargaining, by AHEA.

12.     Defendant PSEA is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of PERA. PSEA represents certain public employees and is an affiliate of AHEA, which is the exclusive representative of Plaintiff for collective bargaining purposes. PSEA maintains a place of business at 400 North Third Street, Harrisburg, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

13.     Defendant AHEA is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of PERA. AHEA represents certain employees of the Abington Heights School District, including Plaintiff, exclusively for purposes of collective bargaining. AHEA maintains a place of business at 200 East Grove Street, Clarks Summit, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS

14.     Acting in concert under color of state law, AHEA and Plaintiff's public employer, the Abington Heights School District, have entered into collective

bargaining agreements controlling the terms and conditions of Plaintiff's employment at all times relevant hereto.

15.    The term of the current CBA governing Plaintiff's employment is September 1, 2017, to August 31, 2022. Relevant portions of the CBA are attached hereto as "Exhibit A" and incorporated by reference herein.

16.    PERA authorizes public employers and employee organizations and/or representatives to engage in bargaining relevant to membership dues deductions. 43 P.S. § 1101.705.

17.    PERA defines "membership dues deduction" as "the practice of a public employer to deduct from the wages of a public employe, with his written consent, an amount for the payment of his membership dues in an employe organization, which deduction is transmitted by the public employer to the employe organization." 43 P.S. § 1101.301(11).

18.    PERA also explicitly authorizes limitations on the right to resign union membership, providing that "[m]embership dues deductions and maintenance of membership are proper subjects of bargaining . . . ." 43 P.S. § 1101.705.

19.    PERA's maintenance of membership provision states

> (18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe organization

5

during a period of fifteen days prior to the expiration of any
such agreement.

43 P.S. § 1101.301(18).

20.     PERA and other provisions of state law also authorize an exclusive
representative and a public school district to collectively bargain over and insert into a
collective bargaining agreement a so-called "fair share" fee provision by which
nonmember teachers are compelled to pay a compulsory union fee to their exclusive
representative and its affiliates. *See* 43 P.S. §§ 1101.701, 1101.705; 71 P.S. § 575; 24
P.S. § 11-1111-A.

21.     The CBA contains a maintenance of membership provision enforcing
and/or requiring membership in Defendants, as authorized by state law.

22.     Specifically, the CBA states that the school district "recognizes that
membership in the Association is on an annual basis" and that authorization of
deduction of dues "shall be irrevocable . . . until the end of the then current term of
this Agreement." CBA, art. V, sec. 1, attached hereto as Exhibit A and incorporated
by reference herein.

23.     The CBA between Plaintiff's public employer and the AHEA was signed
April 3, 2019, after the Supreme Court's decision in *Janus*.

24.     Nevertheless, the CBA also provides that, "Employees in the bargaining
unit who are not members of the Association shall be required to pay to the

Association a Fare [sic] Share Fee for services rendered as the exclusive bargaining agent." Ex. A, art. V, sec. 2.

25.     Plaintiff became a member of Defendants on or about August 31, 2004, when he signed an Enrollment Form.

26.     On November 20, 2020, Plaintiff resigned his union membership in Defendants via letter sent to officials of AHEA and copied to his Human Resources department.

27.     A few weeks later, on December 7, 2020, an official of AHEA told Mr. Perrotti that she had spoken with officials of PSEA regarding his resignation, and sent him a letter labeled "Collection."

28.     The Collection Letter stated that Defendants had "deleted" him from membership and would end the deduction of dues from his wages but that "[i]n accordance with the language on the enrollment form you signed when you became a member, you must notify the local association or PSEA in writing no later than Oct. 1 of your intention to drop membership or you will be responsible to pay an amount equal to full dues for that membership year."

29.     The Collection Letter also stated that Mr. Perrotti owes Defendants $722.40, which must be paid by August 31, 2021.

30.     In fact, the Enrollment Form Mr. Perrotti signed in 2004 contains no such language requiring Mr. Perrotti "to pay an amount equal to full dues."

31.     The Enrollment Form does, however, purport to subject Mr. Perrotti to

the maintenance of membership provision of the CBA:

> "By signing this membership form, I am enrolling for the 2004-
> 2005 membership year and also agreeing to maintain my
> membership in the appropriate category each membership year
> thereafter. ***Unless covered by a maintenance of membership
> provision***, I may revoke my membership by notifying, in writing,
> my local association, if available, or PSEA no later than October 1
> of that membership year or as stated in my collective bargaining
> agreement."

Enrollment Form, attached hereto as Exhibit B and incorporated by

reference herein (emphasis added).

32.     On February 18, 2021, an official of Defendants again attempted to

collect from Mr. Perrotti, contending that he has a "dues obligation of $722.40" and

offering to set up a "payment plan."

33.     Defendants' conduct and/or purported entitlement to dues or fees from

Plaintiff as a nonmember is not authorized by Plaintiff's Enrollment Form or any

other contract or agreement with Plaintiff.

34.     Defendants continue to assert entitlement to union dues or fees from

Mr. Perrotti, despite his resignation, and their stated collection deadline of August 31,

2021, is imminent.

35.     Accordingly, due to Defendants' threats to collect, Plaintiff fears

irreparable harm, including to his finances, financial credit, and associational rights.

## CAUSE OF ACTION

36.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

37.     The First Amendment to the Constitution of the United States protects the associational, free speech, and free choice rights of United States citizens, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

38.     There is no state interest, compelling or otherwise, justifying the state's requirement that individuals remain members of a private organization, including a labor organization, for any length of time.

39.     The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

40.     Because Plaintiff is a nonmember employed in a bargaining unit represented exclusively for collective bargaining by Defendants, the First Amendment protects him from being forced to remain a member of and to financially support or otherwise be associated with Defendants.

41.     Defendants are acting under color of state law, and specifically the provisions of PERA and the CBA with Plaintiff's employer, discussed above, to force

Plaintiff to maintain association with and financial support of Defendants against his will.

42.    Specifically, Defendants are forcing, or threatening to force, Plaintiff to provide financial support to Defendants in the form of Fair Share Fees and/or to maintain his membership in Defendants and pay membership dues under the statutorily authorized maintenance of membership provision, as authorized under the terms of their CBA with Plaintiff's public employer.

43.    This forced association and financial support, authorized by Defendants' CBA with Plaintiff's public employer, violate Plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution, and violate 42 U.S.C. § 1983 by threatening to force him to associate with and/or to provide financial support, including of the political activities and speech of Defendants, without his consent and as a condition of employment.

44.    The ongoing forced association with Defendants and threatened additional forced financial support represent irreparable harms to Plaintiff's First Amendment rights for which there is no adequate remedy at law.

45.    Defendants, by threatening to collect union dues or fees from Plaintiff, without Plaintiff's consent and as authorized by state statute and CBA, are depriving Plaintiff of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46. As a direct result of Defendants' concerted actions with Plaintiff's state employer, taken pursuant to state law and their CBA, Plaintiff:

    a. is being prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and not to fund and support the agenda, activities, expenses, and speech of a private organization;

    b. is being deprived and is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States;

    c. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law; and

    d. is suffering and/or will suffer monetary damages and other harm.

47. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing him irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and order the following relief:

A. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28

U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring that Plaintiff cannot be forced to maintain his membership in Defendants and/or to pay any dues or fees to Defendants since his resignation, and that any provisions in Defendants' CBA with Abington Heights School District and any provisions of PERA that authorize such ongoing association or entitlement to dues or fees are unconstitutional.

B.    **Injunctive:** A preliminary and permanent injunction requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them not to collect or threaten to collect union dues or fees from Plaintiff, to force him to remain associated with Defendants, or otherwise to engage in conduct or enforce any provisions of PERA or the CBA declared unconstitutional under Part A;

C.    **Attorneys' Fees and Costs:** A judgment against Defendants awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

D.    **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: June 25, 2021          By:    *s/ Danielle R. Acker Susanj*
                                     Danielle R. Acker Susanj
                                     PA316208
                                     E-mail: drasusanj@fairnesscenter.org
                                     Nathan J. McGrath
                                     PA308845
                                     E-mail: njmcgrath@fairnesscenter.org

THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*